UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CAROLYN H. SRIVASTAVA, PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10 CV 53  PPS PRC |
| | ) | |
| MITCHELL DANIELS, RANDALL SHEPARD, | ) | |
| GREGORY ZOELLER, JAMES PAYNE, MIKE | ) | |
| DELPH, CHARLES BANTZ, HAL BROXMEYER, | ) | |
| GERALD BEPKO, D. CRAIG BRATER, | ) | |
| RICHARD SCHREINER, ROBERT RIFKIN, | ) | |
| AT & T, RICHARD YOUNG, DAVID F. | ) | |
| HAMILTON, TIMOTHY MORRISON, JOHN | ) | |
| POTTER, GERALD ZORE, CLARK ROGERS, | ) | |
| CYNTHIA AYERS, EVAN D. GOODMAN, | ) | |
| SHEILA CARLISLE, WILLIAM NELSON, | ) | |
| STEVEN FRANK, ROBYN MOBERLY, MARC | ) | |
| ROTHENBERG, CARL BRIZZI, SCOTT C. | ) | |
| NEWMAN, JACK COTTEY, ROBERT | ) | |
| BINGHAM, GREGORY BALLARD, MARK | ) | |
| RENNER, SARAH TAYLOR, ELIZABETH | ) | |
| WHITE, WILLIAM CARR, LULA PATTON, | ) | |
| BERNARD PYLITT, J. RICHARD CAMPBELL, | ) | |
| J. JEFFREY EDENS, REBECCA McCLURE, | ) | |
| DAVID ORENTLICHER, ERIC BRAM, | ) | |
| ARNOLD BIENSTOCK, JONATHAN ADLAND, | ) | |
| GARY VIGRAN, CHARLENE PFENNINGER, | ) | |
| CAROLYN HISER, KAREN STERN, MATTHEW | ) | |
| BURTON, S. ANNE BURCHAM, CARYN | ) | |
| VOGEL, GENA ZELIKOVICH, PATRICIA | ) | |
| MORRELL, DAVID KENNEDY, BLAINE | ) | |
| SMITH, JILL ESHENBAUGH, COLLEGE PARK | ) | |
| CLUB, INC., JANICE HANKINS, FAYE CRAIG, | ) | |
| SHARON MURPHY, BECKY SAYRE, KRISTIN | ) | |
| MACBAIN, RYAN ROUDEBUSH, RAMESH | ) | |
| SHAH, SAROJ SHAH, WAL-MART STORES, | ) | |
| INC., ORKIN, INC., DOUGLAS KING, | ) | |
| PRUDENTIAL FINANCIAL, INC., PAUL | ) | |
| FULKERSON, PETER DONAHOE, | ) | |
| JACQUELINE HOBBS, MICHAEL GOOD, | ) | |

| | )
|---|---|
| AND J. BERNARD MACHEN. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Carolyn Srivastava is a repeat *pro se* litigator. Most of her earlier efforts have been in the southern part of the state where she has been repeatedly told to stop filing frivolous lawsuits. It got so bad, that a federal judge in Indianapolis had to slap a restraining order on her to get her to stop harassing people by suing them. As best I can tell, this is her first foray into the northern part of the state. In this action, she has sued 73 Defendants,[1] ranging from the Governor of Indiana to the former head of her homeowner's association, alleging a wide-range of unrelated offenses, from trampling her rose garden to murder (and just about everything in between). Like the claims she brought in Indianapolis (and elsewhere), the claims in this case are fantastic. Before the Court are eighteen Motions to Dismiss along with Prudential Financial, Inc.'s Motion for Injunction Regulating Further Action by Srivastava. For the following reasons, the Motions to Dismiss [DE 5, 17, 42, 44, 46, 48, 50, 51, 52, 57, 61, 63, 68, 70, 74, 77, 83, 102] and Motion for Injunction [DE 73] are **GRANTED**.[2]

## BACKGROUND

This action is Srivastava's most recent of her many attempts at litigation. She has filed dozens of *pro se* lawsuits in state and federal courts in southern Indiana, all of which have been

---

[1] For the sake of simplicity, all the defendants named in the above caption are referred to together as the "Defendants."

[2] Also, Srivastava filed a Motion for Sanctions against Defendant James Payne. This Motion is **DENIED**. [DE 106.] Because this motion clearly has no merit, I give it no further discussion.

dismissed. *See Srivastava v. Marion County Election Bd.*, 125 Fed. Appx. 57, at *58-59 (7th Cir. 2005) (unpublished order) (noting that Srivastava has filed some 27 unsuccessful *pro se* lawsuits in state and federal courts). Her claims have been characterized as "baseless," "vexatious," and "delusional," *see Srivastava v. Marion County Election Bd.*, 2004 WL 2278744, at *2 (S.D. Ind. Sept. 30, 2004); *Srivastava v. Bepko, et al.*, No. 1:04-cv-945-RLY-WTL [DE 75] (S.D. Ind. March 1, 2005), and, as of 2005, she has been assessed around $100,000 in sanctions for filing frivolous lawsuits. *Marion County Election Bd.*, 125 Fed. Appx. at *59. She also has been the subject of no less than four screening orders by state and federal courts in southern Indiana in an attempt to prevent her from filing frivolous lawsuits. [DE 17 at 3]; *see, e.g., Marion County Election Bd.*, 2004 WL 2278744, at *3 (granting motion for screening order because "Dr. Srivastava has repeatedly asserted frivolous claims" and "[t]here is every reason to expect more of the same [] unless the court acts") *aff'd Marion County Election Bd.*, 125 Fed. Appx. at *59-60.

Evidently, Srivastava remains undeterred. Indeed, presumably in response to these screening orders, she filed this suit in northern Indiana's Lake County Superior Court, which was subsequently removed here pursuant to 28 U.S.C. § 1442(a). Her persistence would be impressive if her claims did not waste judicial resources and the time and money of numerous defendants, most of whom have repeatedly been dragged into frivolous litigation by this Plaintiff.

Srivastava's Complaint in this action is more of the same. She alleges that all of the Defendants are part of a criminal racketeering enterprise she coined the "Syndicate," which is bent on depriving Srivastava of her rights. Members of the Syndicate span three states and

include federal judges, the U.S. Attorney for the Southern District of Indiana, the Postmaster General of the United States, Indiana state court judges and prosecutors, the Attorney General of Indiana, the Governor of Indiana, and the Chief Justice of the Indiana Supreme Court. Other Defendants include professors and university officials from Indiana and Florida, a Tennessee state court judge, corporations, former colleagues, rabbis, members of her homeowner's club, and neighbors. All told, Srivastava names 73 Defendants in this action, with little explanation as to how these Defendants are connected.

According to Srivastava, the Defendants' goal is to exploit their government positions to attain power and money and to punish Srivastava for opposing corruption. She claims that their crimes are facilitated by the manipulative actions of an individual who is not a party to this action, but somehow controls and encourages the Syndicate's behavior. The crux of her Complaint, however, focuses on several, largely unrelated actions and events, including: her mistreatment while working at the Indiana University School of Medicine in the mid-1990s; her belief that the Defendants are stealing her identity and monitoring her movement, through illegal wiretapping and other means; her mistreatment at various Jewish congregations throughout the Indianapolis area; her frustration with her neighbors and her homeowner's club; her fear that the Defendants are disrupting her family and her son's education; her belief that the Defendants are committing election fraud; and finally, her frustration at her many failed attempts to litigate these issues in Indiana state and federal courts.

Srivastava's Complaint is 76 pages and contains 48 counts, along with over 140 predicate offenses, and 222 numbered paragraphs. Most of the counts are not directed to a particular Defendant and are completely unrelated to one another. Here is a general breakdown of her

claims:

- Counts I-V: 42 U.S.C. § 1983 and federal constitutional challenge to the State of Indiana's handling of the Indiana Toll Road;

- Counts VI-VIII: federal constitutional challenge to policies of the United States District Court for the Southern District of Indiana;

- Count IX: federal constitutional challenge to Judge David Hamilton's court decisions in her cases from 1999 through 2009;

- Count X: 42 U.S.C. § 1983 challenge to Marion Superior Court policy of using ink stamps for judge's signatures;

- Count XI: 42 U.S.C. § 1983 challenge to Indiana Supreme Court policy regarding the handling of *pro se* cases;

- Count XII: federal racketeering charge, which includes 72 predicate offenses ranging from dealing in controlled substances, to mail and wire fraud, to murder;

- Counts XIII-XV: 42 U.S.C. § 1983 violations for failing to comply with Indiana court rules and allowing identity thieves to impersonate Srivastava in court filings;

- Count XVI: conspiracy to violate 42 U.S.C. § 1983 for threatening to falsely accuse a rabbi of rape if he pursued a romantic relationship with Srivastava;

- Count XVII: unlawful wiretap in violation of 18 U.S.C. § 2511;

- Count XVIII: 42 U.S.C. § 1983 violation against the Indiana Supreme Court justices for allowing certain attorneys to practice law and "abuse the licenses to deprive me of all of my constitutional freedoms";

- Counts XIX-XXII: 42 U.S.C. § 1983 and federal constitutional violations against Defendant Delph for repudiating Judaism and other inappropriate actions;

- Count XXIII: 42 U.S.C. § 1983 violation because Marion County Judge Robyn Moberly refused to let Srivastava file documents in one of her cases because she's Jewish;

- Count XIV: 42 U.S.C. § 1983 violation against Tennessee state court Judge David Kennedy and Defendants Smith and Morrell for using government power to prevent Srivastava from seeing her father and for falsely telling Srivastava that her father was deceased;

- Counts XXV, XXXII: defamation for spreading gossip;

- Count XXVI: racketeering charge under Indiana law, including 70 predicate offenses ranging from promoting prostitution, to investment fraud, to theft;

- Counts XXVII-XXXI: breach of contract;

- Count XXXIII: conspiracy to violate 42 U.S.C. § 1983 for unlawfully installing Defendant Murphy on the Board of Directors at College Park Club;

- Count XXXIV: nuisance claim against Wal-Mart;

- Count XXXV-XXXXVII: federal constitutional challenges to Indiana statutes and policies, some of which Srivastava was prosecuted under; and

- Count XXXXVIII: federal constitutional challenge to 42 U.S.C. § 1320d-6(a)(3) and (b)(1) because the statute is overly broad and constitutes cruel and unusual punishment.

Based on these claims, Srivastava seeks declaratory and injunctive relief, along with treble and punitive damages.

Sixty-five of the Defendants have filed or joined eighteen motions to dismiss the Complaint. The Defendants agree that Srivastava's Complaint should be dismissed because it violates Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief can be granted.[3] In addition, Prudential seeks an injunction regulating further action by Srivastava.

## DISCUSSION

### I. Motions to Dismiss

The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that

---

[3] Also, some of the Defendants assert that the case should be dismissed for lack of subject matter jurisdiction because Srivastava's claims are frivolous; lack of personal jurisdiction; improper venue; improper collateral attacks on previous judgments; lack of standing; because the RICO claims are time-barred; and because the judges, judicial officers, and Indiana state officials are immune from suit. Because I dismiss the Complaint under Rule 8, I will not address these arguments.

the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d)(1).  The purpose of this rule is to ensure that defendants and the court understand whether a valid claim is alleged and if so, what it is.  *Vicom, Inc. v. Harbridge Merchant Serv.'s, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a complaint "suffices if it notifies the defendant of the principal events").  Under Rule 8, a plaintiff must present a complaint with "clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of what it is the plaintiff asserts." *Vicom*, 20 F.3d at 775 (quoting *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)).

But a long and confusing complaint makes it hard for the defendants and the court to discern the principal matters in dispute.  "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."  *Id*. at 775-76.  Therefore, dismissal under Rule 8 is appropriate where "a complaint's length and lack of clarity make it unintelligible."  *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable."); *see, e.g., U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming dismissal of long, disorganized complaint, which "could not alert either the district judge or the defendants to the principal matters contested"); *Vicom*, 20 F.3d at 775-76 (plaintiff's "119-page, 385 paragraph less-than-coherent amended complaint" violated Rule 8).

Srivastava's Complaint clearly violates Rule 8.  The Complaint is 76 pages long with 222 numbered paragraphs and alleges over 190 theories of recovery against 73 different Defendants. For many of the counts, Srivastava does not name which Defendants are responsible for which

allegedly wrongful act. *See Jackson v. Federal Bureau of Investigation*, 2007 WL 433143, at *3 (N.D. Ill. Jan. 31, 2007) (dismissing complaint under Rule 8 because it "fails to properly identify which of the multiple defendants engaged in the alleged conduct"); *Nagel v. ADM Investor Serv.'s, Inc.*, 995 F. Supp. 837, 845 (N.D. Ill. 1998) (same). And the counts that do name specific Defendants fair no better because the Complaint's length, along with the confusing, repetitious, and baseless assertions throughout, make it nearly impossible for the Defendants to know what exactly they are alleged to have done wrong. *See Lockheed-Martin Corp.*, 328 F.3d at 378 ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.")

Also, the outlandish and frivolous arguments liberally scattered throughout the 76 page Complaint make it exceedingly difficult for the Court to determine whether a valid claims was alleged and if so, what it is. While I have my doubts as to the merits of any of the allegations, any attempt to decipher Srivastava's claims wastes judicial resources and places an undue burden on the Defendants who must attempt to answer the Complaint. *Vicom*, 20 F.3d at 776 ("Because it is difficult to file a pleading in response to a prolix and confusing complaint, doing so also can be costly."). Indeed, Rule 8 spares the Court the onerous exercise of sifting through pages of nonsense in search of a well-pleaded claim. *Lockheed-Martin Corp.*, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

Moreover, Srivastava's kitchen-sink style Complaint further confuses the issues by alleging pages of unrelated claims against a mishmash of Defendants. Aside from her barebones allegation that all 73 Defendants are part of a Syndicate, Srivastava fails to show how

these Defendants are in any way related. How, for example, Postmaster General John Potter, Tennessee state court Judge David Kennedy, President of the University of Florida J. Bernard Machen, Indianapolis resident Sharon Murphy, and Wal-mart are factually connected is anybody's guess. By alleging dozens of unrelated claims against dozens of unrelated Defendants, Srivastava further muddles an already unintelligible Complaint.

Indeed, these separate, unrelated actions belong in separate suits. As the Seventh Circuit recently explained in *George v. Smith*, a "buckshot complaint . . . complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected." 507 F.3d 605, 607 (7th Cir. 2007). As a result, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id*. (finding dismissal appropriate where plaintiff joined 24 defendants and 50 distinct claims in a single suit).

Yet, Srivastava attempts to show these Defendants are factually related by claiming the "Defendants have used money obtained from a pattern of racketeering activity against plaintiff and against others, starting in approximately 1994, to set up and maintain an enterprise, which engages in interstate commerce," in violation of federal RICO laws.[4] [DE 1 at 32 (¶ 155).] But this boilerplate language fails to demonstrate how the many different Defendants named in this action have any relationship or are associated in any type of structured RICO enterprise. *See*

---

[4] She also alleges an Indiana RICO count, but this claim fails for the same reasons the federal RICO claim fails. *See Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466, 476 (7th Cir. 2007) ("The Indiana RICO statute is modeled after federal RICO, and also requires proof of conduct of an enterprise through a pattern of racketeering activity.").

*Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (rejecting a pleading that offers nothing "more than labels and conclusions" or "a formulaic recitation of the elements"*)*; *see, e.g., Rao v. BP Products North America, Inc.*, 589 F.3d 389, 399-01 (7th Cir. 2009) (affirming dismissal because plaintiff's boilerplate language failed to adequately allege that defendants were part of a criminal enterprise).

Srivastava offers no facts plausibly connecting this group of 73 Defendants to a criminal racketeering enterprise – indeed, this allegation is nothing short of preposterous. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (a complaint must "state a claim to relief that it plausible on its face."). Srivastava has made similar claims before about a so-called "Syndicate" but those cases have been uniformly dismissed. *See, e.g., Srivastava v. Bepko, et al.*, 1:04-cv-945-RLY-WTL [DE 75] (S.D. Ind. Mar. 1, 2005) (dismissing claims as "delusional"); *Srivastava v. Hamilton, et al.*, 1:06-cv-131-LJM-VSS (S.D. Ind.). Absent an actionable RICO claim, this is exactly the type of "buckshot complaint" rejected in *George*. *See Grooms v. Tencza*, 2010 WL 1489983, at *3 (N.D. Ill. Apr. 13, 2010) (finding conclusory conspiracy allegation insufficient to join multiple unrelated defendants in single suit under *George*).

This Complaint must be dismissed; however, I must do so without prejudice. While district courts have authority to dismiss a confusing and/or misjoined complaint, the purpose is to give the plaintiff a chance to demonstrate an ability to file a lucid complaint. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). This is especially true when the offending party is proceeding *pro se*. *Id*. So, notwithstanding Srivastava's long history of filing frivolous lawsuits, the Complaint is dismissed without prejudice.

Nonetheless, while a plaintiff whose complaint is dismissed without prejudice is

-10-

ordinarily given leave to file an amended complaint under the same case number, this is not an ordinary case. As noted above, Srivastava alleges over 190 (largely frivolous) theories of recovery against 73 unrelated Defendants. Thus, an amended complaint joining these Defendants in a single action would violate *George*. 507 F.3d at 607. Also, the outlandish and frivolous arguments scattered throughout the Complaint make it impossible to determine Srivastava's core claim or claims. Therefore, any new complaint must be filed under a new case number. Moreover, Srivastava is advised that I will dismiss with prejudice any new complaint that violates Rule 8 or impermissibly joins unrelated claims against different defendants.

## II.    Motion for Injunction

Along with its motion to dismiss, Prudential filed a Motion for Injunction Regulating Further Action by Srivastava. [DE 73.] Prudential has been sued by Srivastava no less than seven times, with each resulting in a dismissal.[5] Thus, Prudential seeks an injunction regulating future claims filed by Srivastava, similar to the screening order entered against Srivastava in the Southern District of Indiana in *Marion County Election Bd.*, 2004 WL 2278744 *aff'd Marion County Election Bd.*, 125 Fed. Appx. at *58-59.

As noted above, Srivastava has filed dozens of unsuccessful *pro se* lawsuits in state and federal courts over the last decade. *See Marion County Election Bd.*, 125 Fed. Appx. at *58-59. And, again, many of the same Defendants have continually been forced to spend time and money answering her frivolous allegations. As the Seventh Circuit found, affirming entry of a screening

---

[5] Along with the reasons outlined above, it appears that all claims against Prudential are also barred by res judicata. *See Srivastava v. Bepko*, 1:03-cv-952-DFH-VSS (S.D. Ind.); *Srivastava v. Marion County Circuit and Superior Court*, 1:03-cv-1024-LJM-WTL (S.D. Ind.). Based on this Order, any future claims filed by Srivastava will be screened for res judicata. *See*, *infra*, at 19 ¶ 4.

-11-

order against Srivastava: "Dismissals have been ineffective at stemming the tide [of frivolous lawsuits]; she has simply returned by filing an identical lawsuit." *Id*. at *59. As a result, along with the screening order noted above, two Marion Superior Court judges have issued screening orders on all complaints filed by Srivastava, *see Srivastava v. Fulkerson, et al.*, No. 49D01-0301-CT-000143 (Marion Sup. Ct. July 21, 2003); *Srivastava v. Pescovitz*, No. 49D02-0411-CT-002095 (Marion Sup. Ct. Jan. 21, 2005) (Srivastava ". . . owing to her history of filing repetitive, libelous, frivolous and baseless complaints in this Court, may not initiate any further lawsuits herein until her complaint is screened by this Court and leave to file same is granted"), and the Southern District of Indiana expanded its screening order to cases removed to that court in *Srivastava v. Daniels*, 1:05-cv-00835-LJM-WTL [DE 34] (S.D. Ind. Nov. 8, 2005).

Moreover, according to the Defendants, Srivastava filed a complaint substantially similar to the one at issue here in Boone County Superior Court on September 11, 2008 against approximately 70 defendants. [DE 17 at 4.] And as here, the vast majority of the defendants were judges, government officials, businesses, and residents. The Defendants claim that, facing a transfer of venue to Marion County Court, Srivastava unsuccessfully attempted to have that case moved to Lake County. [*Id*. at 5.] Then, after that case was dismissed, she filed this suit in Lake County. So once again, Srivastava responded to a dismissal by filing a new complaint – the precise reason the Southern District of Indiana entered its screening order. *See Marion County Election Bd.*, 2004 WL 2278744, at *3 (noting that the case duplicated claims recently dismissed). Moreover, as noted above, this is not the first time Srivastava has unsuccessfully accused a group of defendants of being part of the Syndicate. *See, e.g., Srivastava v. Hamilton, et al.*, 1:06-cv-131-LJM-VSS (S.D. Ind.); *Srivastava v. Bepko, et al.*, 1:04-cv-945-RLY-WTL

(S.D. Ind.).

As in Srivastava's previous cases, most, if not all of her claims are clearly frivolous. That I am dismissing the Complaint without (rather than with) prejudice goes not to the merits of her claims, but rather to the unintelligible nature of her Complaint. Nonetheless, I will summarily dismiss any subsequent frivolous filings. Indeed, I am entering this screening order to prevent her further abuse of the judicial process. And the fact that this is the first case entered in the Northern District of Indiana is of no matter; Srivastava's frivolous filings throughout the state provide ample support for this screening order.

The Southern District of Indiana relied on the five part test laid out by the Second Circuit in *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d 1986) in determining that a screening order enjoining Srivastava's filings was proper. *See Marion County Election Bd.*, 2004 WL 2278744, at \*3. Adopting that test, I find a screening order is appropriate here because: (1) Srivastava has a long history of filing vexatious, harassing, and duplicative lawsuits; (2) Srivastava does not have an objective good faith expectation of prevailing; (3) Srivastava has proceeded *pro se* in all of her frivolous lawsuits; (4) she has certainly caused needless expense to many of the defendants she continuously sues; and (5) based on her past abuse of the judicial process, other sanctions, including monetary sanctions, do not adequately protect the courts and other parties. *See Safir*, 792 F.2d at 24; *Marion County Election Bd.*, 2004 WL 2278744 (applying *Safir* factors).

I therefore adopt the narrowly tailored injunction aimed at stopping Srivastava from filing frivolous and harassing litigation that was entered in the Southern District of Indiana and affirmed by the Seventh Circuit. *See also In re Davis*, 878 F.2d 211 (7th Cir. 1989). This

injunction will ensure that Srivastava has legitimate access to the courts while preventing her from pursuing frivolous claims.

I hereby **ORDER** that the Complaint in this action is **DISMISSED**. The clerk is **ORDERED** that for any new or removed complaint filed by Srivastava in any division of this Court:

1. Srivastava must pay a new filing fee and the case should be given a new case number.
2. The clerk shall create and maintain a miscellaneous file with the general title "In re Carolyn Srivastava." The miscellaneous file shall serve as the repository of this order, all documents filed by Srivastava covered by the terms of this order for which authority to file is not granted, and any order or minute order entered pursuant to this Order. The clerk shall also maintain a miscellaneous docket associated with the file. All orders retained in the file shall be entered on that docket following standard docketing procedures. A brief entry shall be made on the docket indicating the receipt of any materials from Srivastava.
3. Whenever Srivastava proffers a document for filing, the clerk shall accept the papers, stamp them "received" (rather than "filed"), and forward them to the undersigned judge for review.
4. The Court will examine any documents tendered by Srivastava and determine whether or not they should be filed. The Court will deny leave to file the documents if they are merely duplicative of matters already litigated or currently pending or are legally frivolous.
5. If the Court enters an order denying leave to file the materials, the clerk shall retain the

order and a copy of the materials in the miscellaneous file and cause a copy of the order to be mailed to Srivastava.

6. If the Court enters an order granting leave to file the materials, the clerk shall cause the materials to be stamped "filed" as of the date of the order and shall assign the case in the manner provided by local rules. The clerk shall also mail a copy of the order to Srivastava.

7. This screening requirement shall not apply to filings in cases already pending in this Court as of this date, nor to filings appealing this order. This Order may be modified as equity requires. This Order shall expire on June 14, 2013 without further order of this Court, but if the Order does not accomplish its intended purpose, the Court may consider modifying or extending the Order.

## CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss [DE 5, 17, 42, 44, 46, 48, 50, 51, 52, 57, 61, 63, 68, 70, 74, 77, 83, 102] are **GRANTED**, Prudential's Motion for Injunction Regulation Further Action [DE 73] is **GRANTED**, and Srivastava's Motion for Sanctions [DE 106] is **DENIED**. All remaining matters in this case are **VACATED** and this case is **DISMISSED**.

**SO ORDERED.**

ENTERED: June 14, 2010

> s/ Philip P. Simon
> PHILIP P. SIMON, CHIEF JUDGE
> UNITED STATES DISTRICT COURT